## Baen License

*W. Edward Bushong*, for Commonwealth.

*Clarence E. Ward*, for appellant.

RILEY, J., January 22, 1969. — Petitioner has appealed from the order of the Secretary of Revenue of this Commonwealth dated October 11, 1968, which suspends his license to operate a motor vehicle on the highways of the Commonwealth for a period of 60 days. The ground for suspension was an accumulation of 12 points by petitioner under the point system established

in this Commonwealth by which points are assigned for various operational violations of The Vehicle Code. When such an appeal has been taken, we must hear the matter de novo and make a determination as to whether or not the suspension is proper: Act of August 3, 1963, P. L. 509, sec. 1, 75 PS §620.

At the hearing upon the appeal the Commonwealth offered a copy of the record of the Secretary of Revenue which purported to show that defendant had been found guilty of three violations of the code for which a total of 13 deficiency points had been assessed, and that he was entitled to a credit of one point for having attended a drivers' school, thereby making the net point deficiency 12. Objection was made to the introduction of the record upon the ground, among others, that it was not properly certified as The Vehicle Code provides it must be if it is to be evidence in a particular case.

The Vehicle Code of April 29, 1959, P. L. 58, sec. 1224, 75 PS §1224, provides: "Any certified copies, or certified photostatic copies, of any records, books, papers, documents, and rulings of the secretary, when certified under the seal of the department by its duly authorized agent, shall be acceptable as evidence in the courts of this Commonwealth with the same force and effect as the originals, in all cases where such original records, books, papers, documents, and rulings would be admitted in evidence". The record before us fails to comply with the requirement of that provision in that the "duly authorized agent" of the Department of Revenue has neglected to sign the certificate attached.

Since that was the only evidence offered and because it must be rejected, there is no competent evidence upon this record concerning the violations for which the deficiency points were assessed. Accordingly, the appeal must be sustained and the order appealed from reversed. Petitioner's operator's license is hereby reinstated.